In denying the State's petition for the writ of mandamus, the majority correctly states that a trial judge's granting of a motion for a new trial shall not be disturbed except for an abuse of discretion. In light of the fact that the trial judge in this case misapplied the standard for evaluating whether a defendant received ineffective assistance of counsel, as that standard has been established by the United States Supreme Court, I believe the trial court abused its discretion; therefore, I must respectfully dissent. Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984).
This court is called upon to evaluate countless claims of ineffective assistance of counsel, for such claims are frequently presented to this court. The standard for determining whether counsel's representation of a criminal defendant has been ineffective is the same whether a trial court or an appellate court is making that determination.Strickland clearly establishes a two-pronged test for finding ineffective assistance of counsel: 1) that counsel for the defendant performed in a deficient manner and 2) that the deficient performance prejudiced the defendant, thereby affecting the verdict. The assistant district attorney correctly and forcefully argued to the court at the hearing on the motion for a new trial:
 "Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another. Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense.
 "It is not enough for the defendant to show that errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693, 104 S.Ct. at 2068.
See (R. 54.)
The trial court based its order granting of the new trial motion on trial counsel's failure to make a Batson objection. The State then presented to the court several race-neutral reasons for its strikes of the two black veniremen. (R. 21-22.) However, it appears that if counsel had made a Batson
challenge, the State would have easily met its burden in refuting the claim of racial discrimination. Hence, no negative consequence would have impacted the defense. Purkett v. Elem, ___ U.S. ___, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995).
The trial court, in its answer to the petition for the writ of mandamus, cites other instances in which the court characterizes the representation as ineffective. Yet, once again, the analysis fails to demonstrate how these instances would have impacted the verdict. A prime example is the court's concern over trial counsel's testimony that he "may have struck some people he did not intend to." (Trial Court's Answer at 2. Emphasis added.) Counsel did not testify that he did indeed strike the wrong jurors or that this alleged mistake had a discernible, definitive effect on the verdict.
Other concerns of the trial court clearly relate to the trial strategy of counsel. It is not the duty of a trial judge to try the case for a lawyer, but it is a lawyer's duty to try the case in such a way that a criminal defendant receives a fair trial.
I would grant the State's petition for the writ of mandamus. Therefore, I must respectfully dissent. *Page 635